IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GEORGE LUSICK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 12-cv-5150 |

M E M O R A N D U M   O R D E R

AND NOW, this 21st day of March, 2013, upon consideration of Plaintiff's Motion for Reconsideration and Recusal (Doc. No. 13), it is hereby ORDERED that the Motion is DENIED.

I.  Factual Background

Plaintiff filed a pro se Application to Proceed in Forma Pauperis with this Court on September 7, 2012 (Doc. No. 1). Attached to Plaintiff's Application was a Civil Cover Sheet. Plaintiff did not attach a complaint. This Court denied Plaintiff's Application on September 19, 2012. (Doc. No. 3). Plaintiff appealed this judgment to the Third Circuit Court of Appeals, which reversed this Court's Order. C.A. No. 12-3896 (Feb. 7, 2013). Consistent with the Third Circuit's opinion, this Court granted Plaintiff's Application to Proceed in Forma Pauperis on March 6, 2013, and Ordered that Plaintiff file a complaint in this Action by April 4, 2013. (Doc. No. 9).

As of this Order's entry, Plaintiff has not filed a complaint in this matter, nor has Plaintiff submitted United States Marshals' 285 forms to effectuate service upon the currently-unnamed individuals against whom Plaintiff seeks relief. Nonetheless, Plaintiff has filed a number of Motions with this Court, requesting injunctive relief against said persons. (Doc. Nos. 7, 8, 11). This Court has denied each of Plaintiff's Motions without prejudice as premature and has twice Ordered that Plaintiff file a complaint by April 4, 2013. (Doc. Nos. 9, 12). Plaintiff now seeks

reconsideration of said Orders and asks that the Court recuse himself from this matter. Plaintiff's sole basis for requesting recusal is an alleged bias, arising out of this Court's work as a Philadelphia District Attorney more than thirty (30) years ago. For the reasons set forth below, Plaintiff's Motion is DENIED.

II.     Reconsideration

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) allow motions for reconsideration of a judgment. Rule 59(e)'s purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a party seeking reconsideration must generally demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)). A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995).

Plaintiff seeks reconsideration of this Court's Orders requiring Plaintiff to submit a complaint in this matter and denying injunctive relief as premature. The challenged Orders are consistent with Federal Rule of Civil Procedure 3, which provides that "a civil action is commenced by filing a complaint with the court." Prior to Plaintiff's filing a complaint, an action

has not "commenced" within the meaning of the Federal Rules, and this Court lacks jurisdiction to grant relief against the individuals whom Plaintiff intends to name as defendants. We further note that, Plaintiff's Motion does not present an intervening change in controlling law, new evidence, or a manifest injustice caused by a clear error by this Court's Orders. Plaintiff merely expresses disagreement with this Court's decisions—which is wholly insufficient to warrant reconsideration. Importantly, this Court denied Plaintiff's requests for injunctive relief without prejudice, thereby permitting Plaintiff to renew his Motions when this case reaches a proper procedural posture for their resolution.

> III. Recusal

Plaintiff further seeks this Court's recusal. Plaintiff, who is incarcerated, argues that this Court cannot be impartial, due to this Court's former work as a Philadelphia District Attorney.

Under 28 U.S.C. § 455(a), a federal judge must recuse himself if his impartiality might reasonably be questioned. Section 455(a) looks to objective (rather than actual) bias – that is, whether a judge's impartiality might reasonably be questioned. United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995). Under this provision, "a judge should recuse himself where a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality.' Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (quoting United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)). Under § 455(a), "[b]eliefs or opinions that merit recusal must involve an extrajudicial factor." United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006). The court need not accept the Movant's allegations as true, and recusal is not required where the record contains no evidence of "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; In re Linerboard Antitrust Litig., 361 Fed.

Appx. 392, 400 (3d Cir. 2010) ("A charge of partiality must be supported by a factual basis, and recusal is not required based on unsupported, irrational, or highly tenuous speculation.") (internal citation and quotation omitted).

A judge should further recuse himself under Section 455(b)(3) if "he has served in governmental employment and in such capacity ... concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." With regard to former prosecutors, the Third Circuit holds that: "absent a specific showing that the judge was previously involved with a case while in the [prosecutor's] office that he or she is later assigned to preside over as a judge, § 455(b)(3) does not mandate recusal." United States v. Vazquez, 193 F. App'x 168, 169 (3d Cir. 2006) (internal citations omitted).

Neither Section 445(a) nor Section 445(b)(3) counsels in favor or recusal in this action. Plaintiff has not alleged any basis of objective, extra-judicial bias. Rather, Plaintiff alleges dissatisfaction with this Court's orders and a belief that a former prosecutor cannot treat an inmate fairly. The Third Circuit has stated repeatedly that a party's displeasure with legal rulings does not form an adequate basis for recusal. See e.g. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir.2000); In re TMI Litig., 193 F.3d 613, 728 (3d Cir.199); Jones v. Pittsburg Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990). Moreover, while this Court served as a Philadelphia District Attorney more than thirty (30) years ago, this work did not implicate the instant litigation nor did it involve Plaintiff's criminal proceedings. Importantly, this Court handles matters on a daily basis which involve criminal defendants and incarcerated plaintiffs, and this Court has never found difficulty providing such individuals with the same fair process that we ensure all parties who come before us.

IV. Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration and Recusal (Doc. No. 13) is DENIED.

BY THE COURT:

S/Legrome D. Davis

Legrome D. Davis, J.